UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO

| IN RE:<br><br>LUIS AURELIO ALVAEZ CABRERA<br>SANDRA EUFEMIA PEREZ MENDEZ<br><br>DEBTOR | CASE NO. 14-01215 BKT11<br><br>CHAPTER 11 |
|---|---|

DEBTOR'S STATUS CONFERENCE REPORT

**COMES NOW** Debtors, through the undersigned attorney and respectfully state and file this Status Conference Report:

1. On February 24th, 2014, this Honorable Court scheduled the Status Conference for May 7th, 2014. Docket No. 8
2. In compliance with this Honorable Court's order, Debtors report on the following matters to allow this case to be handled economically and expeditiously.

**BACKGROUND**

3. Debtors filed Chapter 11 petition on February 20th, 2014, due to the fact that they were facing a execution of embargos placed on their primary residential house, among other collection of monies process. Also, Debtors are compromised with loans for which they are cross collateral cross default grantors. This process could let to the loss of properties because of foreclosure.
4. Debtors are not eligible under section 109(d) of the Bankruptcy Code, 11 USC §109(d), as a Chapter 11 case because the debts exceed the limits of the small business case as defined by sections 101(51C) and 101(51D) of the Bankruptcy Code, 11 USC §101(51C) and 101(51D).

**DESCRIPTION OF DEBTORS' BUSINESS**

5. Debtors are employees of Western Host Associates, Inc. They work at Hotel Plaza de Armas which is located at Old San Juan, PR. This is Debtors' main income source.
6. Also, Sandra Perez receives a monthly allowance for social security benefits.
7. Debtors are also officials of Western Host Associates, Inc. and Bahia del Sol Hotel Resort, Corp.

**CAUSES FOR FILLING THE PETITION**

8. Debtors are guarantors for Western Host Associates, Inc's debt with the IRS regarding the payment of trust portion for employees of Western Host Associates, Inc. Debtors failed to make said payments and this caused for the IRS to place several liens on their primary residential home (Urb. Paseo Las Vistas) and a second home they have (Villas del Sol Resort Apartment).
9. Also, on May 21st 2010, Debtors' daughter, Tatiana Alvarez, was involved in a car accident while still underage. The accident was so hard that the car had to be split on the half to be able to remove her form it. She was in a coma a remained that way for many days. Because of the magnitude of the damage and injuries she suffered, she required a lot of medical treatment to recover and the expenses were incurred by Debtors.
10. Debtors are responsible for said the medical and ACAA's bills and became indebted with different creditors. Said creditors are currently for these bills are seeking for the recovery of such monies.
11. Debtors filed a claim against Toyota for the accident and it is still pending. The claim was filed because an expert examined the car after the accident and found that one of the probabilities for the accident could have been unintended sudden acceleration of the car due to a manufacturing damage. Debtors sued for product liability, unintended acceleration and sales practices in the Federal Court District of Puerto Rico. Later, this case was transferred to the United States District Court Central California due to a class action that is pending on said Court against the same defendant for the same reasons.
12. Debtors own a residential house at Maleza Alta Ward in Aguadilla Puerto Rico. Doran bank has a lien in this property and it currently owes $108,620.74. Debtors will surrender said property and with said surrender will seek full satisfaction of the debt.

13. Due to the above mentioned legal process and the fact that Debtors were not able to comply with the payments claimed by creditors, they have been forced to file for bankruptcy.

**FILING OF DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

14. Debtors intend to file the required Disclosure Statement and Plan of Reorganization on or before September 30th, 2014.
15. Debtors request that the hearing on approval of the disclosure statement and the hearing of the plan of reorganization be combined in accordance to section 105 of the Bankruptcy Code, 11 U.S.C. §105 (d)(2)(B)(vi).
16. Creditors shall be noticed and served a copy of the disclosure statement and the plan of reorganization within fifteen (15) days of the filing of the same.
17. Debtors shall solicit creditors' acceptances or rejections on the disclosure statement and plan of reorganization from twenty (20) days of the approval of said disclosure statement and plan.
18. Acceptances or rejections shall be provided fifteen (15) days prior to the hearing on approval of the disclosure statement and plan of reorganization.
19. Debtors will give notice to all creditors of the hearing on approval of the disclosure statement and plan of reorganization within seven (7) days of the receipt of the scheduling of said conference.

**ESTIMATED PROFESSIONAL FEES**

20. Debtor submitted its application to employ attorney Víctor Gratacós Díaz for this case on February 24th, 2014. Said application was approved by this Honorable Court on April 9th, 2014. Docket Nos. 7 & 13
21. Considering our assessment of the legal issues present in the instant case and the time and effort employed in similar cases the legal fees in this case are estimated to be $30,000.00.
22. Debtor filed an application to employ accountant Heriberto Reguero on March 11th, 2014. Said application was approved by this Honorable Court on April 9th, 2014. Docket Nos. 11 &14
23. As stated in the application for employment, the accountant will charge an hourly rate of $75.00.

24. Debtors will pay Trustee fees as per invoice.
25. Debtors will consider the employment of an appraisal to evaluate the property's value.

**ANTICIPATED SIGNIFICANT EVENTS**

26. Debtors own a residential apartment located at La Parguera Ward, Villas del Sol Apartments, apartment 105, Lajas, PR. Said apartment has a lien for a debt that is not owed. Said debt is for 3,750,000.00 for an interim construction loan that was acquired by Villas Del Sol Report Apartment, Inc. Debtors are the owners of said corporation, it has no activity and it's currently not operating or conducting any business. The mentioned loan is not owed since it was paid with the sale of the apartments. When an interim construction loan for a condominium is acquired the apartments are liberated from this loan as they are segregated from the matrix on their initial sale. Debtors' apartment was the last one to be segregated and it was not liberated from said lien. Debtors will make all the necessary procedures for this lien to be removed from their corporation.
27. Debtors have a lien on the same apartment for $750,000.00 for a loan acquired with Banco de Desarrollo Económico de Puerto Rico (Banco de Desarollo) which is recognized as not owed. Debtors do not owe this loan because it was paid in full. Banco de Desarrollo was supposed to return Debtors the promissory note for this loan, but Banco de Desarrollo send a letter to Debtors notifying that this note was lost but they certified the Debt was no longer owed. Debtors will make all necessary proceedings and arraignments for this lien to be removed but, since it is not owed by Debtors, it was not listed as a debt in this petition.
28. A stipulation for restructuring of the debt and a payment plan with creditor Banco Popular of Puerto Rico's is currently being negotiated through case 12-09093-BKT11, *In Re: Western Host Associates, Inc*. Debtors are responsible of this debt because they are cross collateral cross default co debtors of the same. If said payment plan and arraignment is reached, Debtors will notify this Honorable Court and, also, stipulate the same in the disclosure statement and payment plan.
29. Debtors will file a request for employment of special Counsel Eric Quetglass since he is the attorney representing Debtors in the legal proceedings regarding the claim already described.

**NEED FOR FUTURE STATUS CONFERENCES**

4

30. At present, Debtor's understanding is that no other status conferences are needed, unless this Honorable Court deems it necessary.

**WHEREFORE,** Debtors pray for this Honorable Court to take notice of this status conference report with any other procedure that in accordance to law this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that this motion has been electronically filed using CM/ECF and that a copy of the same was forwarded to the office of the US Trustee and all other parties in interest as per the Master Address List.

In Caguas, Puerto Rico, this 1st day of May, 2014.

**GRATACOS LAW OFFICE PSC**
P.O. BOX 7571
CAGUAS, PUERTO RICO 00726
PHONE: (787) 746-4772
FAX: (787) 746-3633

By: /s/ Víctor Gratacós Díaz
Víctor Gratacós Díaz
USDC-PR No. 127906